UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL STOKES, | ) | Case No. 1:09-CV-00399 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| BENNIE KELLY, Warden, | ) | (resolving ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Russell Stokes has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. §2254. Petitioner pled guilty and was convicted in the Cuyahoga County Court of Common Pleas of two counts of rape, one count of aggravated burglary, and one count of felonious assault. (Docket #7-1, Exhibit 2). Mr. Stokes was sentenced to seven years of incarceration for the first rape conviction and ten years for the second rape conviction, to be served consecutively. The burglary conviction was merged with the rape convictions and the sentence for the felonious assault was ordered to be served concurrently with the rape sentences. Mr. Stokes's total sentence was 17 years of imprisonment and designation as a sexual predator. (*Id.*, Exhibit 3).

Mr. Stokes appealed his sentence to the Ohio Eighth District Court of Appeals alleging that the trial court erred when it (1) ordered him to serve his sentences cosecutively; and (2) sentenced him to the maximum sentence, both without making appropriate findings. (*Id.*, Exhibit 5). The Court of Appeals sustained Mr. Stokes's assignments of error and remanded the matter back to the trial court for resentencing under the authority of *State v. Foster*, 109 Ohio St.3d 1 (2006). (*Id.*, Exhibit 7). Mr. Stokes did not appeal this order.

Case No.: 1:09-CV-00399 2

On October 6, 2006, prior to being re-sentenced, Mr. Stokes moved to withdraw his guilty plea, asserting that it was not knowingly, voluntarily, and intelligently made. (Docket #7-2 at 91-103). The trial court denied Mr. Stokes's motion. (*Id.* at 102). Mr. Stokes was then re-sentenced to the same sentence previously imposed. (Docket #7-1, Exhibit 11).

On October 30, 2006, Mr. Stokes appealed the judgment of the trial court to the Ohio Eighth District Court of Appeals alleging that the trial court erred: (1) "in not allowing [him] to withdraw his guilty plea"; (2)" by ordering [him] to serve a consecutive sentence without making the appropriate findings"; and (3) in sentencing him "to the maximum sentence without making the appropriate findings[.]" (*Id.*, Exhibit 13). The Court of Appeals overruled Mr. Stokes's assignments of error and affirmed the judgment of the trial court on September 27, 2007. (*Id.*, Exhibit 15).

On November 19, 2007, Mr. Stokes appealed the judgment of the Court of Appeals to the Supreme Court of Ohio alleging that: (1) "[t]he imposition of nonminimum [sic] prison terms on a first-time felony offender contravenes the Sixth Amendment to the United States Constitution"; (2) "[f]ailure to apply the law as existed at the time of the offense deprives the accused of a meaningful plea bargain"; and (3) [t]he remedy that this Court set forth in *State v. Foster* \*\*\* violates Ex Post Facto and Due Process Clauses of the United States Constitution[.]" (*Id.*, Exhibit 17). The Supreme Court of Ohio denied Mr. Stokes leave and dismissed his appeal "as not involving any substantial constitutional question" on February 20, 2008. (*Id.*, Exhibit 18).

Mr. Stokes timely filed the instant petition on February 20, 2009, under 28 U.S.C. §2254, and presents two grounds for relief:

> **Ground for Relief No. 1**: "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea when such plea was made in reliance on Ohio sentencing law as it existed at the time of the offense." (Docket #1 at 7).

Case No.: 1:09-CV-00399                              3

> **Ground for Relief No. 2**: "Petitioner was denied due process of law when the remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 retroactively applied at the re-sentencing hearing, and his new sentence violated the Sixth Amendment pursuant to *Blakely v. Washington* (2004), 542 U.S. 296, et. seq." (Docket #1 at 8).

Respondent answered opposing the petition (Docket #7). Mr. Stokes did not file a traverse despite being given an extension of time to do so.

### I.   *FACTUAL BACKGROUND*

The facts that formed the basis of the Mr. Stokes's conviction were set forth in *State v. Stokes,* 2007 WL 2793248 (Ohio App. 8 Dist.), at ¶¶3-4 ("State Court Decision"):

> In the early morning of April 24, 2005, appellant broke the window of a door to the victim's apartment and entered her home. He went upstairs and awakened the victim, who was sleeping in her bedroom. He proceeded to threaten her with a gun he was carrying. Subsequently, he penetrated her vagina with his finger and then with the barrel of the gun. He then left her apartment.
>
> The victim called 911, and the police responded. By following a set of footprints leading from the victim's apartment to appellant's apartment, police found appellant and arrested him. The police secured a search warrant and found a gun at appellant's apartment. DNA tests identified blood on the barrel of the gun as that of the victim.

### II.   *LAW AND ANALYSIS*

For purposes of federal collateral review, all claims adjudicated on their merits by state courts are governed by 28 U.S.C. §2254(d)(1) and (2), which extends the permissible range of federal review of state convictions as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim  - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States; or

Case No.: 1:09-CV-00399 4

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding (emphasis supplied).

A district court has very restricted Congressionally-granted powers for review under 28 U.S.C. §2254(d). See *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000)*; Bell v. Cone*, 535 U.S. 685 (2002). The habeas applicant must show either that the state decision was "contrary to" or an "unreasonable application" of Supreme Court precedent. The phrases "contrary to" and "unreasonable application" are not the same. Under the "contrary to" standard of review, the state court's decision is "contrary to" clearly established federal law when it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Williams,* 529 U.S. at 405-06; *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003). Under those circumstances the Supreme Court has held that the federal court on habeas review may grant the writ. *Id.* The phrase "clearly established Federal law" refers to holdings, as opposed to *dicta,* of the U.S. Supreme Court at the time of the relevant state court decision. *Lockyer*, 538 U.S. at 71-72; *Williams*, 529 U.S. at 412; *Bell*, 535 U.S. at 698.

Under the "unreasonable application" standard, "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005); *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). This includes both the state court's refusal to extend and/or its unreasonable extension of existing legal principles from Supreme Court precedent to new contexts. See *Williams*, 529 U.S. at 407. The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable. *Id.* at 409;

Case No.: 1:09-CV-00399                    5

*Wiggins,* 539 U.S. at 520-21. When the state court has rendered a decision, the federal reviewing court may not grant the writ in its "independent review of the legal question." *Lockyer*, 538 U.S. at 75. When there has been an "unreasonable application" of clearly established federal law, then no deference is due to the state decision and the federal court is free to resolve the claim independently.

Mr. Stokes argues that his plea was not voluntary, knowing, and intelligent because he "entered into a 'plea bargain agreement,' relying upon the sentencing law as it existed prior tot he Ohio Supreme Court's decision announced February 27, 2006, in" *Foster, supra*. (Docket #1 at 7). Mr. Stokes pled guilty to charges of which he was convicted on September 28, 2006, five months before the *Foster* decision. (Docket #7, Exhibit 2). Mr. Stokes asserts that because a plea agreement is contractual in nature, and the sentencing statute in effect at the time he entered into the agreement was no longer in effect at the time of sentencing, "there is no valid agreement and thus no valid contract." *Id.* Mr. Stokes also argues that his sentence was a violation of his due process rights because of the retroactive application of the *Foster* decision. Specifically, Mr. Stokes argued on appeal that the trial court erred when it imposed consecutive sentences and sentenced him to a maximum sentence. (State Court Decision at ¶¶22-23).

The State Court Decision affirmed Mr. Stokes's conviction stating that, "the remedial holding of *Foster* does not violate [appellant's] due process rights or the ex post facto principles contained therein [because '[Defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced." (State Court Decision at ¶¶26-27), *quoting State v. Mallette*, 2007 WL 530187 (Ohio App.8 Dist.)). Moreover, "*Foster* did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum

Case No.: 1:09-CV-00399                                6

to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed." *Mallette, supra*.

The United States Supreme Court has never determined that "the retroactive application of a court's statutory construction which results in the loss of a presumption of a minimum sentence is violative of either the Ex Post Facto Clause or due process." *Smith v. Welch*, 2009 WL 2167863 (N.D. Ohio 2009)(Economus, J.). The holdings in *Blakely* and *Foster* vis-a-vis O.R.C. § 2929.14 "did not alter the elements necessary to convict [Mr. Stokes], nor the potential penalties [Mr. Stokes] faced for his conduct." *Id*. The date of the alleged conduct rather than the date of sentencing is only relevant when "a change in the law that determines the potential penalties for a crime imposes a more onerous penalty at the time of sentencing than it would have at the time the crime was committed." *Id*, *citing Miller v. Florida*, 482 U.S. 423, 430-32 (1987); *Dobbert v. Florida*, 432 U.S. 282, 293-294 (1977).

Here, Mr. Stokes was eligible for and received the same sentence at his original sentencing and after remand and resentence post-*Foster*. "Moreover, under O.R.C. § 2929.14(E)(4), though later deemed unconstitutional, any sentences imposed could be ordered to run consecutively." *Smith* at *3. "Neither *Blakely* nor *Foster* had any effect on the range of penalties for each of those crimes, and [Mr. Stokes] had fair warning as to the punishment that might result from his conduct." *Id., citing Dobbert*, 432 U.S. at 297-298. Thus, the State Court Decision did not "result in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1).

With regard to Mr. Stokes's argument that the application of *Foster* violated the rights for which he bargained when he entered his plea, the State Court Decision properly noted that Mr.

Case No.: 1:09-CV-00399 7

Stokes failed "to point to any terms of his plea agreement that change, whether *Foster* applies or not." (State Court Decision at ¶11). The state court is correct. The precise length of the sentence that would be imposed was not a term in Mr. Stoke's plea agreement. Moreover, the transcript of the plea and sentencing hearings demonstrate that Mr. Stokes was aware of the sentencing range when he entered into the plea agreement and the sentence imposed was within that range. *See* Tr. 26-31; 49-51). As was discussed above in addressing Mr. Stokes's due process arguments, Mr. Stokes cannot demonstrate that the state court's analysis was contrary to or involved an unreasonable application of clearly established Federal law.

### III. *CONCLUSION AND RECOMMENDATION*

Following review of the arguments raised in the petition and applicable law, petitioner has not demonstrated that he was in custody pursuant to state court judgment that resulted from a decision that is "contrary to" or involved in an "unreasonable application" of federal law as determined by the Supreme Court of the United States. See 28 U.S.C. §2254(d)(1). Further, there has been no demonstrated need for an evidentiary hearing and the petition for habeas corpus relief under 28 U.S.C. §2254 should be denied and dismissed.

                                                                                        /s/James S. Gallas  
                                                                                    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 1, 2010